Pearson, J.
 

 The donor went into open Court and acknowledged the execution of the deed of gift, and caused it to be registered ; this amounts to a delivery,
 
 Ellington
 
 v.
 
 Currie,
 
 5 Ire. Eq. 21.
 

 The legal effect of the deed was to vest in the plaintiff the
 
 *145
 
 ownership of the slaves, with a limitation over, in the event of her death without leaving issue, to the donor for life, and then to his other children, and with a further limitation, that in case he died before his daughter ariived at the age of twenty-one, Moses Ilolmes should have possession of the slaves until that time, without paying any thing but the taxes. Whether the limitations were valid is not the question ; it is certain that the plaintiff acquired the ownership
 
 in presentí,
 
 by the force and effect of the deed. Under the maxim “
 
 ut res magis valeat quwm
 
 pereat,” the Court would hesitate before putting such a construction upon a deed as would defeat its purposes and render it inoperative, unless constrained by express terms. But in this case, there is nothing to create a doubt as to the proper construction.
 

 The attempt of the donor, in 1845, to revoke the gift, and his declaration, written upon it, that it never was delivered, is of no effect.
 

 The donor was, for many years, in the adverse possession, but the plaintiff was under the disability of infancy, and after-wards marrying while under age, the disability of coverture was created, which continued until within less than three years before the commencement of the action. The effect of an accumulation of disabilities is well settled.
 

 The adverse possession of the donor prevented the ownership of the slaves from vesting in the husband of the plaintiff
 
 jure
 
 mariti, and upon his death the right of action survived to.her.
 

 Pur Curiam, Judgment affirmed.